IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARI LINN LACOVARA and ANDREW LACOVARA, Husband and Wife,<br><br>Plaintiffs<br><br>v.<br><br>BIG LOTS STORES, INC.,<br><br>Defendant | CAMDEN VICINAGE<br><br>Case No.: 1:14-cv-01953-JBS-AMD<br><br>Magistrate Judge Ann Marie Donio<br><br>CIVIL ACTION |

## JOINT PROPOSED DISCOVERY PLAN

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**Paul R. D'Amato, Esquire**
**D'Amato Law Firm**
**2900 Fire Road, Suite 200**
**Egg Harbor, Township, NJ 08234**
**P: 609-926-3300**
**F: 609-926-3883**
**(Attorney for Plaintiffs)**

**William J. Conroy, Esquire**
**John Angeloni, Esquire (*pro hac vice* pending)**
**Campbell Campbell Edwards & Conroy, PC**
**1205 Westlakes Drive, Suite 330**
**Berwyn, PA 19312**
**P: 610-964-1900**
**F: 610-964-1981**
**(Attorneys for Defendant Big Lots Stores, Inc.)**

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiffs' Complaint alleges that Plaintiff was injured when a table-top torch she had purchased at Defendant's store caught on fire, resulting in burn injuries to her face and upper torso. Investigation and discovery are in their infancy and the remainder of Plaintiffs' theories as to liability and Defendant's defenses to same are as yet undetermined.**

3.	Have settlement discussions taken place? Yes _____ No ____**X**_____

    (a) What was plaintiff's last demand?

        (1) Monetary demand: $ **5,000,000**
        (2) Non-monetary demand: _____**N/A**_____

    (b) What was defendant's last offer?

        (1) Monetary offer: $ ____**N/A**_____
        (2) Non-monetary offer: _____**N/A**_____

4.	The parties [have ___**X**_____ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

5.	The parties [have _____ have not ___**X**____ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

    **The parties have yet to complete their Initial Disclosures. Plaintiffs have provided certain documents, including medical and employment records and photographs to Defendants. Certain disclosures being made by Defendant will be made pursuant to a Discovery Confidentiality Order, which the parties are presently working to complete.**

6.	Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

    **The parties have yet to complete their Initial Disclosures. Plaintiffs have provided certain documents, including medical and employment records and photographs to Defendants. Certain disclosures being made by Defendant will be made pursuant to a Discovery Confidentiality Order, which the parties are presently working to complete.**

7.	The parties [have _____ have not ___**X**_____] conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects:

    **1. The product involved in the incident making the basis of Plaintiffs' Complaint.**

    **2. The manufacture of the product involved in the incident making the basis of Plaintiffs' Complaint.**

    **3. The sale and distribution of the product involved in the incident making the basis of Plaintiffs' Complaint.**

**4. Plaintiff's use of the product involved in the incident making the basis of Plaintiffs' Complaint.**

**5. Plaintiffs' medical treatment and overall damages as a result of the incident making the basis of Plaintiffs' Complaint.**

(b) Discovery [should _____ should not ___**X**_____] be conducted in phases or be limited to particular issues. Explain.

(c) Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures: **July 31, 2014**.

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): **August 15, 2014.**

(3) Service of initial written discovery: **August 30, 2014**.

(4) Maximum of __**25**____ Interrogatories by each party to each other party.

(5) Maximum of __**10**____ depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by: **September 15, 2014**.

(7) Factual discovery to be completed by: **November 28, 2014**.

(8) Plaintiff's expert report due on: **January 15, 2015**.

(9) Defendant's expert report due on: **February 15, 2015**.

(10) Expert depositions to be completed by: **March 30, 2015**.

(11) Dispositive motions to be served within **30** days of completion of discovery.

(d) Set forth any special discovery mechanism or procedure requested.

**Not Applicable.**

(e) A pretrial conference may take place on: **April 1, 2015**

(f) Trial date: **May 1, 2015**_____ (___**X**___Jury Trial; _____ Non-Jury Trial).

9.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes __**X**____No_____. If so, please explain.

**Defendant anticipates that some of the corporate witnesses Plaintiffs' may wish to depose will be located out of state or out of the Country.**

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes ___**X**____ No _____.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

**Some electronic documents may be available and the parties are presently working towards a Discovery Confidentiality Order to control the dissemination of these documents.**

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

**Yes. The parties are working to complete a reasonable Discovery Confidentiality Order.**

12. Do you anticipate any discovery problem(s) not listed above? Describe.
Yes _____ No ___**X**____.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

**This matter is not appropriate for voluntary arbitration but may be appropriate for mediation, pursuant to Local Civil Rule 301.1, as soon as Initial Disclosures are complete.**

14. Is this case appropriate for bifurcation? Yes _____ No ____**X**_____

15. An interim status/settlement conference (with clients in attendance), should be held in **March 2015**.

16. We [do ____**X**_____ do not _____] consent to the trial being conducted by Magistrate Judge Ann Marie Donio.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

**Not applicable.**

| D'AMATO LAW FIRM, P.C. | CAMPBELL CAMPBELL EDWARDS & CONROY, P.C. |
|---|---|
| */s/ Paul D'Amato, Esquire* <br> Paul R. D'Amato, Esquire <br> *Attorney for Plaintiffs* <br> Date: 7/8/14 | */s/ William J. Conroy, Esquire* <br> William J. Conroy, Esquire <br> *Attorney for Defendants* <br> Date: 7/8/14 |

4