UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Paul R. D'Amato, Esquire (PD-7303)
D'AMATO LAW FIRM
2900 Fire Road, Suite 200
Egg Harbor Township, New Jersey 08234
609-926-3300
Attorney for Plaintiffs

| | |
|---|---|
| MARI LINN LACOVARA AND ANDREW LACOVARA, HUSBAND AND WIFE,<br><br>Plaintiffs,<br><br>-vs-<br><br>BIG LOTS STORES, INC., BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC.<br><br>Defendants | CAMDEN VICINAGE<br><br>CASE NO: 1:14-cv-01953-JBS-AMD<br><br>CIVIL ACTION |

## AMENDED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain materials to be produced and testimony to be given in this action, it is ordered that:

1. Documents, electronically stored information (including writings, drawings, charts, photographs, sound recordings, video recordings, images, and other data or data compilations), other tangible items produced in discovery, and testimony in this litigation that contain confidential information shall hereafter be referred to as "Protected Material." The Party seeking to mark Protected Materials shall hereafter be referred to as the "Designating Party." Except as otherwise indicated below, documents, electronically stored information, other tangible items produced in discovery, and testimony designated "Confidential" or "Confidential – Subject to Discovery Confidentiality Order" that are produced or delivered to the Parties and/or the Parties' attorneys, consultants, agents, or experts in this action shall be Protected

Materials and given confidential treatment as described below.

2. For purposes of this Protective Order, Protected Materials include any document, electronically stored information, other tangible items produced in discovery, and testimony that the Designating Party believes in good faith to contain confidential or sensitive information as defined by Federal Rule of Civil Procedure Rule 26(c)(1)(G), including trade secrets, development, or commercial information; or personal information that is protected by law. Confidential material shall not contain or consist of any information generally available to the public.

3. For documents, electronically stored information, and other tangible items produced in discovery to be designated Protected Materials, at the time of production, the Designating Party will designate each individual document by clearly stamping on each such document, "Confidential" or "Confidential – Subject to Discovery Confidentiality Order." In the event that material is produced in a format that is not capable of being stamped, the material should be clearly marked or identified "Confidential" or "Confidential – Subject to Discovery Confidentiality Order" on the media itself or within the file structure of electronically stored information.

4. Testimony given in this matter may be designated as "Confidential" or "Confidential – Subject to Discovery Confidentiality Order." The Designating Party must designate the protected testimony within thirty (30) days of service of the final transcript of the testimony to be designated. In designating such testimony, the Designating Party must specifically identify the discrete portion(s) of the testimony to be protected.

5. Testimony may also be designated as subject to this Protective Order by

declaration of a Party or Party's Counsel on the record during a deposition. If testimony is designated as protected on the record during a deposition, the testimony will be subject to this Protective Order until thirty (30) days after service of the final transcript of the testimony to be designated, unless the Designating Party has otherwise designated the testimony as protected in accordance with paragraph 4, *supra.*

6. Prior to designating any material or testimony as subject to this Protective Order, the Designating Party must make a good faith determination that the material or testimony is subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G). If any Party disagrees with the designation of any material as being subject to this Protective Order, that Party will so notify the Designating Party in writing. The Designating Party will, within fourteen (14) days of receipt of such notice, apply to the Court to determine whether the disputed materials or testimony are entitled to protection in accordance with the Federal Rules of Civil Procedure. Until the Court rules on the application, the Parties shall consider any disputed materials to be subject to this Protective Order.

7. Both the Protected Materials and the information contained therein shall be treated as confidential. Except upon the prior written consent of the Designating Party or upon further Order of this Court, the Protected Materials or information contained therein may be shown, disseminated, or disclosed only to the following persons:

    (a)    The Parties to this action;

    (b)    Counsel of record in this case, including other members of Counsel's law firm and any other counsel associated to assist in the preparation or trial of this

case;

(c) Employees of Counsel of record or of associated counsel who assist in the preparation or trial of this case;

(d) Experts and consultants retained by a Party or a Party's Counsel for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is or who is employed by a competitor of the Designating Party;

(e) The Court, the Court's staff, witnesses, and the jury in this case;

(f) Other courts and other courts' staffs with the provision that the material may only be submitted for *in camera* inspection unless otherwise agreed to in writing by the Designating Party, or unless otherwise ordered by another court. /AMD/

(g) Attorneys representing a plaintiff, and the experts and consultants retained by a plaintiff, in other cases against one or more Defendant(s) involving claims for personal injuries involving Mosaic Glass Table Torches; and

(h) A third party who is employed by a Party or a Party's Counsel to copy or manage discovery materials in support of this litigation and/or as a court reporter or videographer transcribing or recording testimony given in this matter, but who is not the competitor of any Party.

8. Before giving access to any of the Protected Materials or the information contained therein, each person described in paragraphs 7(d) (an "Expert Witness") and 7(g) (a "Requesting Person") above: shall be advised of the terms of this Protective Order; shall be given a copy of this Protective Order; shall indicate the scope of Protected Materials requested; shall agree in writing to be bound by its terms by signing a copy of Exhibit "A;" and shall return their signed copy of Exhibit

"A" to the Party or Party's Counsel from whom they are requesting the Protected Materials. By completing and signing Exhibit "A," the Expert Witness or Requesting Person: certifies that the Protected Materials will be used solely for the purposes of the litigation for which they are requested; verifies that they are not a competitor of any Party; and submits to the jurisdiction of this Court, including its powers of contempt.

9. For an Expert Witness pursuant to paragraph 7(d), provided Protected Materials pursuant to paragraph 8 by a Party or Party's Counsel, the Party or Party's Counsel retaining that Expert Witness and receiving a copy of Exhibit "A" shall provide each Designating Party a copy of the Expert Witness's completed and signed Exhibit "A" either: (a) at the time of that person's expert designation or deposition, for an Expert Witnesses whose opinions may be presented at trial; or (b) at the conclusion of the above-captioned litigation, for an Expert Witness who is not expected to be called as a witness at trial.

10. For a Requesting Person pursuant to paragraph 7(g), prior to being provided with the requested Protected Materials by a Party or Party's Counsel, the Party or Party's Counsel receiving a copy of Exhibit "A" from a Requesting Person, shall provide to each Designating Party a copy of the Requesting Person's completed and signed Exhibit "A." Following notice of a request for Protected Materials pursuant to paragraph 7(g) by providing a completed and signed Exhibit "A" to the Designating Party, the Requesting Person shall not receive Protected materials until after 5:00pm EST on the fifth business days after notice has been provided to the Designating Party, inclusive of the date that notice was provided.

11. An Expert Witness or Requesting Person provided Protected Materials

pursuant to paragraphs 7(d) and 7(g) shall not themselves be authorized to show, disseminate, or disclose Protected Materials to any other person (including those persons who might otherwise qualify under paragraphs 7(d) and 7(g)), unless otherwise agreed to in writing by the Designating Party.

12. To the extent that Protected Materials or information contained therein are used in the taking of depositions, such Protected Materials shall remain subject to the provisions of this Protective Order.

13. This Protective Order shall not apply to the disclosure of Protected Materials or the information contained therein at the time of trial, through the receipt of Protected Materials into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the application of any of the Parties.

14. Documents, electronically stored information, other tangible items produced in discovery, and testimony that would otherwise qualify as Protected Materials under this Protective Order, but which are unintentionally produced without being designated as subject to this Protective Order, may later be designated as Protected Materials upon written notice by the Designating Party. After such written notice, the designated materials shall be treated as Protected Materials and subject to the provisions of this Protective Order.

15. ~~Protected Materials produced pursuant to this Protective Order are deemed authentic under the Federal Rules of Evidence, and no further proof of authentication as to such documents shall be required.~~ *AM*

16. Within 120 calendar days after the conclusion of this litigation (conclusion

being the time of the final judgment and exhaustion of all appellate remedies), unless the Parties agree in writing to the contrary, any originals or reproductions of any Protected Materials produced by the Designating Party must be returned to the Designating Party, destroyed by cross-cut shredding, and/or otherwise sealed by the Court. In the event that the receiving Party elects to destroy Protected Materials, the receiving Party shall inform the Designating Party in writing that it has done so. This paragraph shall not apply to Protected Materials produced pursuant to paragraphs 7(d) or 7(g).

17. Any Expert Witness or Requesting Person provided Protected Materials pursuant to paragraph 7(d) or 7(g), within 120 calendar days after the conclusion of the litigation for which the Protected Materials were requested (conclusion being the time of the final judgment and exhaustion of all appellate remedies), unless the Expert Witness or Requesting Person and Designating Party agree in writing to the contrary, must return to the Designating Party, destroy by cross-cut shredding, and/or otherwise seal with the appropriate court(s) any originals or reproductions of any Protected Materials. In the event that the Expert Witness or Requesting Person elects to destroy Protected Materials, the party shall inform the Designating Party in writing that it has done so.

18. This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

If any of the foregoing violates the Federal Rules of Civil Procedure, the Federal Rules of Civil Procedure control and such provision will not be enforced.

Signed this 2nd day of June, 2015.

_____
Hon. Magistrate Judge Ann Marie Donio

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Paul R. D'Amato, Esquire (PD-7303)
D'AMATO LAW FIRM
2900 Fire Road, Suite 200
Egg Harbor Township, New Jersey 08234
609-926-3300
Attorney for Plaintiffs

| | |
|---|---|
| MARI LINN LACOVARA AND ANDREW LACOVARA, HUSBAND AND WIFE, <br><br> Plaintiffs, <br><br> -vs- <br><br> BIG LOTS STORES, INC., BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC. <br><br> Defendants | CAMDEN VICINAGE <br><br> CASE NO: 1:14-cv-01953-JBS-AMD <br><br> CIVIL ACTION |

### AMENDED PROTECTIVE ORDER

EXHIBIT "A"

I, _____, do hereby acknowledge that I have received and read a copy of the attached Protective Order, and I agree to be bound by the terms of such Order. I further agree to be subject to the jurisdiction of this Court including, but not limited to, its contempt powers.

DATED this _____ day of _____, 20___.

_____
(Signature)

Relationship to litigation for which Protected Materials requested:

Scope of Protected Materials requested:

Style of litigation for which Protected Materials requested:

---

*Protective Order, Exhibit "A"*　　　　　　　　　　　　　　　　　　　　　　　　*Page 2 of 2*