**BRAFF, HARRIS, SUKONECK & MALOOF**
COUNSELLORS AT LAW

| | | |
|---|---|---|
| **Adam J. Kipnis** | 570 W. MT. PLEASANT AVENUE - SUITE 200<br>LIVINGSTON, NEW JERSEY 07039-0657<br>(973) 994-6677<br>Facsimile (973) 994-1296 | Writer's<br>e-mail address<br>ajkipnis@bhsm-law.com |

New York, New York 10007
(212) 599-2085
Facsimile (212) 822-1479

May 4, 2016

Honorable Ann Marie Donio
United States Magistrate Judge
United States District Court
District of New Jersey
Mitchell H. Cohen Building and US Courthouse
4th and Cooper Streets, Courtroom B
Camden, New Jersey 08101

Re:   Lacovara, Mari Linn & Andrew v. HOC Industries, Inc., et al.
      Docket No.: 1:14-CV-1953
      Our File No.: 5.20522

Dear Judge Donio:

This firm represents the third party defendant, HOC Industries, Inc. ("HOC") with reference to the above matter. I am in receipt of a letter dated April 26, 2016 from counsel for Big Lots concerning an "unanticipated discovery dispute." I am also in receipt of the notice from Your Honor scheduling a telephone conference on May 10th. Please accept the following in response to the April 26th letter and in preparation for the conference.

As an initial matter, I was a bit surprised to have received the April 26th letter, principally because we did not receive any telephone call from Big Lots' counsel to discuss and to try to resolve this "discovery dispute." I am sure that, had we been able to discuss the issues raised in counsel's letter, counsel for Big Lots and I could have arrived at a reasonable resolution.

Regardless, and before providing a brief summary of certain background conversations pertaining to the issues that were raised in the April 26th letter and to provide some additional context, we have responded to Big Lots' 30(b)(6) letter requesting the names of specific HOC representatives who have relevant knowledge pertaining to various topic areas. Indeed, we sent an email to counsel on April 28, 2016, identifying five specific individuals from HOC, and scheduled their depositions in this matter on May 17th, 19th and 19th. See Exh. A. We just received a response from Big Lots' to the scheduled depositions on May 4th advising that counsel is not available on the proposed dates. Hence, we are working on rescheduling the depositions.

## BRAFF, HARRIS, SUKONECK & MALOOF
COUNSELLORS AT LAW

May 5, 2016
Page -2-

As it pertains to the Big Lots' depositions, and to add some context to the April 26th letter, counsel for the Plaintiff has asserted direct claims only against Big Lots; Counsel for the Plaintiff has not asserted direct claims against HOC – Big Lots did. Additionally, the theories of liability as between the direct claims and the third party claims are, in many respects, mutually exclusive. Consequently, well before the April 26th letter, we spoke with counsel for the Plaintiff and inquired as to his intention of scheduling Big Lots' depositions. Counsel advised that he would, indeed, be scheduling the depositions but, as it turns out, Plaintiff's counsel underwent a foot surgery and later developed an infection. I am sure that counsel for the Plaintiff can fill in some details pertaining to the foot surgery/infection; but, because of the direct and third party claims, we took the position that Big Lots' depositions should be held before the HOC depositions.

After several back and forth discussions, mainly with counsel for the Plaintiff (with one conversation with counsel for Big Lots after our receipt of the April 26th letter), counsel for the Plaintiff did serve Big Lots' attorney with a 30(b)(6) deposition notice on May 3, 2016. See Exh. B. The Notice identified a number of topic areas concerning the claims being made in the underlying suit, and requested that Big Lots produce representatives who have knowledge or information pertaining to the same. (We will be serving a cross notice with many, if not most, of the same topic areas.)

As a general matter, and with the exception of the April 26th letter, the parties have been working in good faith in moving forward with discovery and in completing depositions in this case. By my count, a total of 16 depositions have been completed in this matter, with an additional five HOC representatives being scheduled in the Middle of May, and likely the same number from Big Lots to be scheduled.

I look forward to discussing the above with Your Honor during the May 10th conference and any additional issues that Your Honor would like to discuss.

Respectfully submitted,

BRAFF, HARRIS, SUKONECK & MALOOF

ADAM J. KIPNIS

Enclosure